*Porter* for the plaintiffs, *Morse* for the de- fendants.

---

### GARDERE vs. FISK.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The plaintiff prayed an injunction to prevent the sale of a slave he had purchased from the defendant's mortgage debtor, on a suggestion that the sum for which the mortgage was given had been paid.

The general issue was pleaded, the plaintiff had a verdict and judgment; the defendant made an unsuccessful attempt to obtain a new trial, and appealed.

His counsel relies on three bills of exceptions.

The first is to the refusal of the district court to allow him to file an amended or supplemental answer.

The next, to the introduction of parol evidence of the contents of a receipt given by him to his debtor.

The last, to the refusal to admit in evidence, a settlement between him and his debtor.

*Margin note:* A purchaser at a sheriff's sale may avail himself of the incorrectness of the sheriff's declarations at the sale, or of the neglect of producing the parish judge's certificate, without having pleaded it. Every interested party may demand the production of a paper in the hands of a third person, and is bound to do so, before he may offer evidence of its contents.

GARDERE
*vs.*
FISK.

1. The proferred answer denied that the slave seized was mortgaged for $700 only, as stated in the petition, but averred the mortgage was for $3000; that the sheriff's declaration at the time of sale, to the contrary, was untrue, and that he the sheriff, did not then produce the certificate of the parish judge.

The court refused leave to file the answer, deeming it unnecessary, and thinking that all the evidence, of which it would authorise the introduction, could be received under the general issue.

It does not appear to us that the mortgage for $3000 could be introduced without being set forth; nor that if any advantage could result to the defendant from proving the incorrectness of the allegations of the sheriff at the time of sale, or from his neglect to produce the parish judge's certificate, he could avail himself of them without giving notice of his intention to do so by plea.

2. The plaintiff's counsel contends that as the receipt, of the contents of which he was permitted to administer parol evidence, was not in his client's power, leave was correctly granted; that the rule is not that the best possible

evidence is required, but the best evidence in
the party's power.

We think this reasoning illogical. Every interested party may demand the production of a paper in the power of a third party, generally speaking, by a *subpœne duces tecum.* In very few cases, indeed, special reasons may create an exception; and none is here alleged·

It is urged that the defendant and his debtor might collude and forge a new receipt. Collusion and forgery may defeat most men's right, but cannot afford protection unless proven.

3. The defendant was refused leave to read a settlement with his debtor, posterior in date to the sale to the plaintiff. By this settlement, an imputation of several payments theretofore made, was then made to other claims of the defendant, than that secured by the mortgage affecting the slave. This settlement was made at the foot or on the back of a detailed account of transactions between the parties.

The objection of the plaintiff was, that if no imputation was made of these payments by the debtor, at their respective dates, they were of course to be imputed on the mortgage debt which the debtor had the greatest interest to discharge, and the parties could not afterwards,

when a third party had become interested, avert

to his injury, the effect of the legal imputation,

at the periods of these payments.

This would have been correct reasoning, (after the settlement of the detailed account had been read) to show that the imputations were incorrectly made. The account might then show that they were in accordance with the intentions of the parties, at the time of each respective payment; that the debts thus extinguished, were also mortgage debts, and continue in their exigibility to that to which the plaintiff contends the payments are to be applied, which might not then be payable.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided, and reversed; the verdict set aside, and the case remanded with directions to the judge to permit the defendant to file the proffered supplemental or amended answer; not to admit parol evidence of the contents of the receipt, while its absence be not properly accounted for; and to admit the settlement at the foot or back of which is an account of the transactions between him and his debtor, the plaintiff's vendor, or which is ac-

companied by such account; and it is ordered that the plaintiff and appellee pay costs in this court.

Eastern Dist.
*January*, 1827

*Ripley & Conrad* for the defendant.